IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.   16-20518-C-13 |
|    WILLIAM L. KNIGHT | § | |
|    SHERRY L. KNIGHT | § | |
| | § | |
|    DEBTOR(S) | § | CHAPTER 13 |

### CHAPTER 13 TRUSTEE'S OBJECTION TO PLAN CONFIRMATION

**COMES NOW**, CINDY BOUDLOCHE, Chapter 13 Trustee, and files this Objection to Confirmation of Debtors' plan filed on 4/4/17 (Doc# 41) for the following reasons and upon the following grounds:

1. Per the Trustee's calculations, the plan does not meet the requirements of §1322(a)(2) as it does not provide for the payment in full of all priority and secured claims and anticipated administrative expense for the length of the plan and specifically the plan is deficient due to priority claim of the Internal Revenue Service and the secured claim of Guild Mortgage. Further, the plan does not provide for the secured claim of Aransas County or for statutory interest on the ad valorem tax claims.

2. Upon information and belief, the proposed plan lacks feasibility. 11 USC Sec. 1325 (a)(6) The Debtors' latest filed Schedule J indicates that their net disposable income per month is $163.36 yet the plan proposes payments to the Trustee in the amount of $455.71 beginning in the third month of the plan. No payments are proposed for the first two months after the filing of the case. Further, Debtors indicate no anticipated increases in income on schedule I. Per the Debtors' plan and the mortgage proof of claim, the Debtors are behind in their mortgage, but have not provided for on-going mortgage payments through the Trustee's office. Upon information and belief, the Debtors have budgeted $575.26 for vehicle payments to Ally that are proposed for payment under the plan. The Debtors have proposed to pay $50.00 per month into an

emergency savings fund, but have not provided for said expense on Schedule J. The Trustee has not been able to verify all sources of stated income on schedule I, but asserts that even if the mortgage and vehicle payments are removed from schedule J, and the savings expense is added, Debtors will be left without a feasible budget when the plan payment is increased to fully fund all secured and priority claims.

3. Upon information and belief, the Debtors' plan fails the liquidation "best interests" test of 11 USC Sec. 1325 (a)(4).   The Debtors' own real property in Ingleside that has been claimed as exempt homestead; however, the Debtors do not live there and it does not appear to be adjacent to their residence (also in Ingleside and claimed as homestead.)  The Trustee asserts that the liquidation value of the property located at 2780 Houghton in Ingleside is greater than the amount provided to the Debtors' general unsecured creditors.

4. Further, the Trustee objects to confirmation because the Uniform Plan contains errors. Specifically, the end date of the plan specified in paragraph 1 is 50 months after the filing of the case, but the total of the payments reflect a 60 month plan.  The plan reflects a priority claim for ad valorem taxes under paragraph 2 instead of paragraph 8.  The plan reflects a vehicle claim to Ally Financial under paragraph 4 which is for claims secured only the principal residence.  The plan further provides for administrative costs to the Trustee under this paragraph instead of on the plan summary which has not been filed.  In addition, the Trustee has not received copies of the Debtors' latest filed tax returns.

**WHEREFORE**, premises considered, the Trustee prays that the Court DENY confirmation of Debtors' plan, and for such other and further relief as she may show herself justly entitled.

Respectfully submitted:

By: _/s/ Mary V. Hower_____
    Mary V. Hower/ TX Bar No. 24035306
    Kathryn R. Mills/ TX Bar No. 24067770
    555 N. Carancahua, Ste. 600
    Corpus Christi, TX 78401-0823
    Office: 361-883-5786 ext. 407
    Fax: 361-882-4973
    Email: mhower@ch13cctx.com
    ATTORNEY FOR CHAPTER 13 TRUSTEE,
    CINDY BOUDLOCHE

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document was mailed this 12th day of April, 2017, by U.S. Mail or electronically to the following named persons:

**Pro Se Debtor(s)**
William and Sherry Knight
P.O. Box 1323
Rockport, TX 78381

    _/s/ Mary V. Hower_____
    Mary V. Hower, Staff Attorney